UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAXMA GREENHOUSES, INC.,

      Plaintiff,

v.                                 Case No. 3:21-cv-444-MMH-JRK

THOMAS J. VILSACK, Secretary,
United States Department of Agriculture;
FRANK M. WOOD, Director, National
Appeals Division,

      Defendants.
_____/

## CONSENT MOTION AND MEMORANDUM FOR LIMITED PACER ACCESS TO ELECTRONICALLY FILED ADMINISTRATIVE RECORD

      Defendants, THOMAS J. VILSACK and FRANK M. WOOD, in their official capacities through counsel, the United States Attorney, Middle District of Florida, hereby moves to restrict PACER access to the administrative record to be filed by Defendants on November 22, 2021. As support thereof, Defendants state as follows:

      1.    The administrative record in this case is due to be filed on November 22, 2021. *See* Doc. 22. The administrative record to be filed contains approximately 250 pages.

      2.    The Administrative Procedures for Electronic Filing for the Middle District of Florida (hereinafter "CM/ECF Administrative Procedures") dated August 9, 2021,

§ G(2) (Redactions rules), provide that "documents filed electronically that include a social security number, individual's tax identification number, name of an individual known to be a minor, financial account, an individual's birth date, or home address (in criminal case) may include only the following: a) social security number— the last four numbers; b) tax identification number — the last four numbers; c) name of minor children — the initials; d) financial account number — the last four numbers; e) date of birth — the year; and f) home address (in criminal cases) — the city and state." However, the electronically filed "record of an administrative or agency proceeding" is exempt from the Court's redaction requirement. *Id*. at § G(3)(b).

3. The Court has restricted PACER accessibility for all electronically filed administrative records in Social Security cases as follows:

> Due to privacy concerns, internet access to the electronically filed administrative record in Social Security cases will be limited to attorneys of record, persons authorized by the Court, and court staff. Therefore, the redaction requirements of the Local Rules and Administrative Procedure [sic] for Electronic Filing in Civil and Criminal Cases do not apply to the electronically filed administrative record in Social Security cases. The administrative record on compact disc or USB flash drive will be available for review by the public at the Office of the Clerk of Court.

*See* In re: Amendment of Administrative Procedures For Electronic Filing in Civil and Criminal Cases, Case No. 6:10-mc-95-ORL-22, Order Requiring Electronic Filing of the Administrative Record in Social Security Cases (July 23, 2010).

4. Defendants believes that the administrative record to be filed in the instant action qualifies as a "record of an administrative or agency proceeding." Plaintiff seeks review of the Defendants' decision denying Plaintiff's request for fees and costs

under the Equal Access to Justice Act. Doc. 1 at ¶ 4. Thus, the Court must review the record of the proceedings before the Agency, *i.e.*, the Department of Agriculture, National Appeals Division, Office of Hearings and Appeals (collectively "NAD"). Like in a Social Security case, the administrative record of the proceedings before the Agency must be filed before the Court can review the decision of the Agency. Therefore, Defendants believe the administrative record of the proceedings conducted before NAD qualifies for the exemption from the redaction requirement set forth in the CM/ECF Administrative Procedures.

5.  While the Defendants believe the redaction requirements of the Local Rules and CM/ECF Administrative Procedures do not apply to the administrative record to be filed in the instant case, the Defendants believe that the privacy concerns in this case are similar to the privacy concerns that exist in Social Security cases.

6.  The administrative record to be filed contains information that implicates privacy concerns. The administrative record consists of 250 pages and is replete with personally identifiable information. For example, the administrative record includes: financial documents and information that Plaintiff requested be kept under seal administratively.

7.  Hence, the administrative record to be filed in the instant case contains information that would be ordinarily redacted pursuant to the CM/ECF Administrative Procedures. However, because of the quantity and quality of personally identifiable information and/or personal information contained in the

administrative record in the instant case, Defendants believe restricted access to the administrative record, like in Social Security cases, is warranted here.

8. First, Defendants seek a determination that the administrative record to be filed in this case is exempt from the redaction requirement set forth in the CM/ECF Administrative Procedures. Second, Defendants request that she be permitted to digitally provide the unredacted administrative record to the clerk's office (e.g., on compact disc) to be uploaded. Third, Defendants request that the Court direct the clerk's office to restrict electronic access to the administrative record to attorneys of record, persons authorized by the Court, and court staff. Last, Defendant requests that the administrative record to be filed will be available only on compact disc for review by the public at the Office of the Clerk of Court.

9. Good cause having been shown, Defendants respectfully request that this Motion be granted, and that the Court restrict access to the administrative record to be filed as requested herein.

## LOCAL RULE 3.01(G) CERTIFICATION

I certify that I conferred with Taylor King, Esq., counsel for Plaintiff, and he consents to the relief requested herein.

Dated: November 19, 2021

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

*/s/ Kyesha Mapp*
KYESHA MAPP
Assistant United States Attorney
Florida Bar No. 0113006

>Bryan Simpson U.S. Courthouse
>300 North Hogan Street, Suite 700
>Jacksonville, FL 32202-4270
>Telephone No. (904) 301-6254/6300
>Facsimile No. (904) 301-6310
>Email: Kyesha.Mapp@usdoj.gov
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>19th</u> day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant:

>Taylor King, Esq.
>Mickler & Mickler
>5452 Arlington Expressway
>Jacksonville, FL 32211

>>*/s/ Kyesha Mapp*
>>KYESHA MAPP
>>Assistant United States Attorney